UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAWANDA DOVE,

    Plaintiff,                                       Case No.: 3:20-cv-547-J-34MCR

v.

FLAGLER COUNTY SCHOOL BOARD,

    Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and Local Rule 3.01(d), hereby submits this Reply to Plaintiff's Amended Response to Motion for Summary Judgment and Supporting Memorandum of Law, and in support states as follows:

**I.  INTRODUCTION**

The Court should reject Plaintiff's Amended Response [Doc. 52] and grant summary judgment in favor of Defendant as a matter of law because no reasonable jury could conclude that Plaintiff has established a prima facie case of race and national origin discrimination predicated on Defendant's decision not to promote

1

Plaintiff, nor that Defendant's legitimate, nondiscriminatory reasoning for not selecting Plaintiff for promotion was instead pretext for discrimination.

### A. Plaintiff Has No Direct Evidence

Plaintiff admits that she has no evidence of direct evidence to establish a prima facie case of race or national origin discrimination. [Doc. 52, p. 2]. This Court should therefore grant summary judgment in favor of Defendant on the issue of Plaintiff's burden to produce direct evidence of discrimination pursuant to *E.E.O.C. v. Joe's Stone Crab, Inc.,* 220 F.3d 1263, 1286 (11th Cir. 2000).

### B. Plaintiff Failed to Attach Referenced Exhibit

Plaintiff's Response alleges that she "applied for several different positions during her time as an employee of the Defendant (Please see attached Exhibit "A")." [Doc. 52, p. 3]. However, Plaintiff failed to attach any Exhibits to her Response, and therefore this allegation should be disregarded.

### C. Defendant is Not an Executive Agency Per § 110.112, Fla. Stat.

Plaintiff is incorrect as to her allegation that "Defendant has not established that they have an affirmative action plan consistent with portions of F.S. 110-112 (2)(a)[1] regarding selection of its employees for promotion in this matter was fair does not exist [sic]", notwithstanding that Defendant has no legal or judicial

---

[1] Plaintiff appears to have made a scrivener's error in that said citation to "F.S. 110-112 (2)(a)" contextually seems to mean § 110.112(2)(a), Fla. Stat. [Doc. 52, p. 3].

2

obligation to make such a showing in this lawsuit. [Doc. 52, p. 3]. In pertinent part, § 110.112(2), Fla. Stat., states:

> (a) The head of each executive agency shall develop and implement an affirmative action plan…
>
> (b) Each executive agency shall establish annual goals for ensuring full utilization of groups underrepresented in the agency's workforce, including women, minorities, and individuals who have a disability, as compared to the relevant labor market, as defined by the agency. Each executive agency shall design its affirmative action plan to meet its established goals.

Defendant is not an "executive agency" under § 110.112, Fla. Stat.; it reasonably appears that Plaintiff is confusing Defendant with the "executive agency" that is the Florida State Board of Education ("SBOE") pursuant to § 1001.01, Fla. Stat. The Florida Department of Education ("FLDOE") is an administrative and supervisory agency under the direction of the SBOE pursuant to § 1001.20(1), Fla. Stat. Defendant is the "district unit" of the FLDOE for Flagler County pursuant to § 1001.30, Fla. Stat., and as such all the actions of Defendant are "consistent and in harmony with state laws and with rules and minimum standards of the [SBOE]" pursuant to § 1001.32(1), Fla. Stat. Defendant upholds and abides by the equal employment requirements of the FLDOE pursuant to Rule 6A-19.009, F.A.C., including as to the affirmative action plan adopted by the SBOE pursuant to Rule 6A-19.009(6), F.A.C.

## D.  Plaintiff Does Not Have a Contradictive Supporting Affidavit

Defendant's Motion for Summary Judgment includes a supporting Affidavit executed by Jewel Johnson, the Chief Human Resources Officer for Defendant. [Doc. 37, Ex. "A"]. Plaintiff's Amended Response does not include or refer to any supporting affidavit to contradict or dispute the material facts of Defendant's supporting Affidavit. [Doc. 52]. This Court should grant summary judgment against Plaintiff for her failure to contradictorily aver against Defendant's supporting Affidavit.

"Given the opportunity to respond to a movant's affidavits, an adverse party may not rest upon a mere cryptic and conclusory allegation in his pleading but must set forth specific facts showing that there is a genuinely disputed factual issue for trial. Where this opportunity to supplement the record is ignored, summary judgment for the movant who has carried his burden of proof is appropriate. *See First National Bank v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Tripoli Co., Inc. v. Wella Corp.,* 425 F.2d 932 (3d Cir. 1970); … To oppose [the movant's] motion successfully, [the adverse party] had the obligation to show, by affidavit or other sworn testimony, those material facts which he claimed were in dispute and which he alleged denied him the right to a fair trial. His failure to do so fully justified the district court's grant of summary judgment." *Tunnell v. Wiley,* 514 F.2d 971, 976 (3rd Cir. 1975) (other citations omitted). *See also Lockhart v.*

*Hoenstine,* 411 F.2d 455, 459 (3rd Cir. 1969) ("On the critical issue … there was an affidavit from the one person who would have personal knowledge of this fact pitted against a naked denial fortified by no factual averments. …[W]e conclude that the district court was correct in determining that there was no genuine issue of material fact.").

### E.  Plaintiff's Insufficient Allegations and Conclusions

Plaintiff's Response contains several allegations and conclusions which are insufficient to rebut Defendant's Motion for Summary Judgment, particularly as they are compounded by Plaintiff's failure to contradictorily attest against Defendant's supporting Affidavit. This Court should disregard Plaintiff's contention that Defendant's attested-to "references to [Plaintiff] not interviewing well … do not successfully rebut Plaintiff's burden in this case." Plaintiff admits that such "subject evaluations play an important and legitimate part in an employee's [sic] evaluation of potential employees." [Doc. 52, p. 3]. Such a poor interpersonal skill is sufficient to establish a legitimate nondiscriminatory reason to reject Plaintiff. [Doc. 37, p. 14]. Plaintiff did not attempt to explain or offer any evidence in her Response to meet her burden to show that Defendant's determination she interviewed poorly was mere pretext for discrimination.

Plaintiff alleges that it is "illogical" and that Defendant "offers no legal authority" to support that it "would not continuously employ Plaintiff since 2006 but

then reject her applications for other positions because of that same protected class status". [Doc. 52, ps. 2-3]. Defendant's decision to hire, and continuously employ Plaintiff is both reasonable and non-discriminatory. So too are Defendant's reasons for not promoting Plaintiff. Those reasons are not pretextual. This is demonstrated by Defendant's list of eight (8) current administrative/leadership employees all of the same protected class of Plaintiff as set forth it its Motion and affirmed in the supporting Affidavit. [Doc. 52, ps. 10-11; Ex. "A," para. 11].

## IV.  CONCLUSION

WHEREFORE, Defendant, FLAGLER COUNTY SCHOOL BOARD, respectfully submits that the Court should grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's action in its entirety.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2022, a true and correct copy of the foregoing, Defendant's Reply to Plaintiff's Amended Response to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law, was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to: Blair Jackson, Esq., Law Office of Corey I. Cohen & Associates, 21 Park Lake Street, Orlando, FL 32803, blair@coreycohen.com.

*s/ Dylan J. Hall, Esq.*
RICHARD BURTON BUSH, ESQ.
Florida Bar No. 294152
DYLAN J. HALL, ESQ.
Florida Bar No. 112528
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL  32801
(407) 422-5319
(407) 849-1821 – FAX
rbb@bushlawgroup.com
djh@bushlawgroup.com
mkp@bushlawgroup.com
slo@bushlawgroup.com
Attorneys for Defendant