UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JAWANDA DOVE,**

    **Plaintiff,**                                                           **Case No.: 3:20-cv-547-J-34MCR**

**v.**

**FLAGLER COUNTY SCHOOL BOARD,**

    **Defendant.**

_____/

## DEFENDANT'S MOTION TO RESOLVE TRIAL CONFLICT

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through its undersigned counsel, pursuant to Rule 16, Fed. R. Civ. P., and hereby moves this honorable Court to resolve the trial conflict by maintaining the trial term of one of the actions and continuing the other action to the following trial term, and as grounds therefore states as follows:

    1.    The same Defendant's counsel in this action has a separate action pending in this Court which is set for the same trial term as this action beginning December 5, 2022, to wit:

> **Damon P. Jones v. Daytona State College**
> **Case No. 6:21-cv-749-RBD-EJK,** in the United States District Court Middle District of Florida Orlando Division and will continue to for three (3) days.

    2.    Defendant's counsel has contemporaneously filed this same Motion in the separate Jones action.

1

3. This action is a jury trial. The Jones action is a non-jury trial.

4. Pursuant to the Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts between State and Federal Courts, *U.S.Dist.Ct.Rules N.D.Fla. RESOLUTION* (a copy of which is attached hereto as Exhibit "A"), it appears that the trial conflict should be resolved as follows:

> The judges or their designees shall confer and undertake to avoid the conflict by agreement among themselves. Absent agreement, conflicts should be promptly resolved by the judges or their designees in accordance with the … case priorities:
> …
> (2) Jury trials should prevail over non-jury trials.

5. Therefore, Defendant respectfully requests this Court to resolve the trial conflict by maintaining the trial term of this action and by continuing the trial term in the Jones action.

6. For the purpose of avoiding a future trial conflict which could potentially result from the resolution of this trial conflict, please be advised that the same Defendant, Defendant's counsel, and Plaintiff's counsel in this action have a separate action pending in this Court which is set for a trial term beginning January 3, 2023, to wit:

> **<u>Travis Lee v. Flagler County School Board</u>**
> **Case No. 3:20-cv-553-J-39MCR, in the United States District Court Middle District of Florida Jacksonville Division and will continue to for three (3) days.**

2

7. This Motion is filed in good faith and not for purposes of delay, and the parties will not be prejudiced by granting the relief requested herein.

WHEREFORE, based upon the foregoing, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through its undersigned counsel, respectfully requests this Honorable Court to enter an Order resolving the trial conflict by maintaining the trial term of one of the actions and continuing the other action to the following trial term, and for such further relief as this Court deems necessary and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that on this 19th day of August, 2022, the undersigned counsel conferred with Plaintiff's counsel in compliance with Local Rule 3.01(G), and Plaintiff has no objection to the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2022, a true and correct copy of the foregoing, Defendant's Motion to Resolve Trial Conflict, was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to: Blair Jackson, Esq., DSK Law, 609 West Horatio Street, Tampa, FL 33606, bjackson@dsklawgroup.com.

*s/ Richard B. Bush, Esq.*
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200

Tallahassee, FL 32308
(850) 386-7666
rbb@bushlawgroup.com
mkp@bushlawgroup.com
tmr@bushlawgroup.com

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
djh@bushlawgroup.com
slo@bushlawgroup.com
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant

4

*Exhibit "A"*

# Resolution Regarding State–Federal Calendar Conflicts

**Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts between State and Federal Courts**

WHEREAS, the great volume of cases filed in the state and federal courts of Florida creates calendar conflicts between the state and federal courts of Florida which should be resolved in a fair, efficient and orderly manner to allow for judicial efficiency and economy; and

WHEREAS, the Florida State-Federal Judicial Council which represents the Bench and Bar of the State of Florida believes that it would be beneficial to formally agree upon and publish recommended procedures and priorities for resolving calendar conflicts between the state and federal courts of Florida;

NOW, THEREFORE, BE IT RESOLVED
In resolving calendar conflicts between the state and federal courts of Florida, the following case priorities should be considered:

1. Criminal cases should prevail over civil cases.
2. Jury trials should prevail over non-jury trials.
3. Appellate arguments, hearings, and conferences should prevail over trials.
4. The case in which the trial date has been first set should take precedence.
5. Circumstances such as cost, numbers of witnesses and attorneys involved, travel, length of trial, age of case and other relevant matters may warrant deviation from this policy. Such matters are encouraged to be resolved through communication between the courts involved.

Where an attorney is scheduled to appear in two courts–trial or appellate, state or federal–at the same time and cannot arrange for other counsel in his or her firm or in the case to represent his or her client's interest, the attorney shall give prompt written notice to opposing counsel, the clerk of each court, and the presiding judge of each case, if known, of the conflict. If the presiding judge of a case cannot be identified, written notice of the conflict shall be given to the chief judge of the court having jurisdiction over the case, or to his or her designee. The judges or their designees shall confer and undertake to avoid the conflict by agreement among themselves. Absent agreement, conflicts should be promptly resolved by the judges or their designees in accordance with the above case priorities.

In jurisdictions where calendar conflicts arise with frequency, it is recommended that each court involved consider appointing a calendar conflict coordinator to assist the judges in resolving calendar conflicts by obtaining information regarding the conflicts and performing such other ministerial duties as directed by the judges.

**REVISED AND READOPTED at Miami, Florida, this 13th day of January, 1995.**