UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAWANDA DOVE,

    Plaintiff,                                   Case No.: 3:20-cv-547-J-34MCR

v.

FLAGLER COUNTY SCHOOL BOARD,

    Defendant.

_____/

### DEFENDANT'S RENEWED MOTION IN LIMINE: CLAIMS FOR BACK PAY AND FRONT PAY SHOULD NOT BE SUBMITTED TO JURY

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through its undersigned counsel, and moves this Honorable Court to prohibit the introduction of claims for back pay and front pay to the jury at the upcoming trial:

Plaintiff's operative Second Amended Complaint makes a claim for back pay and front pay based upon Defendant not selecting Plaintiff as the best qualified candidate for the subject employment positions she applied for. [Doc. 9, prayers for relief].

Claims for back pay and front pay are equitable in nature under the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et al., and thus are triable only to the court, not the jury. *W. v. Gibson,* 527 U.S. 212, 217 (1999) (noting that back pay is in nature

1

equitable relief); *Granfinanciera v. Nordberg,* 492 U.S. 33 (1989) (holding that there is no right to jury trial for claims that are equitable in nature); *Holland v. Gee*, 677 F.3d 1047 (11th Cir. 2012); *U.S. E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 618-619 (11th Cir. 2000).

Here, Plaintiff seeks back and front pay under Title VII and the FCRA which are equitable relief under which there is no right to jury trial for claims. Plaintiff should not be permitted to introduce back or front pay to the jury. Rather, this Court must determine in its own discretion whether the back pay or front pay is warranted if the jury has made a finding of liability against Defendant.

WHEREFORE, Defendant, FLAGLER COUNTY SCHOOL BOARD, respectfully requests that this Honorable Court to enter an Order which prohibits the introduction of claims for back pay and front pay to the jury at the upcoming trial.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that the undersigned counsel provided this Motion to Plaintiff's counsel prior to filing in compliance with the meet and confer requirements of Local Rule 3.01(G).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2022, a true and correct copy of the foregoing, Defendant's Renewed Motion in Limine: Claims for Back

Pay and Front Pay Should Not Be Submitted to Jury, was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to: Blair Jackson, Esq., DSK Law, 609 West Horatio Street, Tampa, Florida 33606, bjackson@dsklawgroup.com, blair@coreycohen.com.

*s/ Dylan J. Hall, Esq.*
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200
Tallahassee, FL 32308
(850) 386-7666
rbb@bushlawgroup.com
mkp@bushlawgroup.com
tmr@bushlawgroup.com

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
djh@bushlawgroup.com
slo@bushlawgroup.com
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant
