UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAWANDA DOVE,

      Plaintiff,

v.                                    Case No. 3:20-cv-547-MMH-MCR

FLAGLER COUNTY SCHOOL
BOARD,

      Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant's four motions in limine, filed on October 31, 2022. See Defendant's Renewed Motion in Limine: Claims for Back Pay and Front Pay Should Not Be Submitted to Jury (Doc. 58); Defendant's Renewed Motion in Limine: Exclusion of Anecdotal Statistical Evidence Lacking Comparative Data (Doc. 59); Defendant's Renewed Motion in Limine: Evidence of Other Alleged Discrimination Should Be Excluded (Doc. 60); Defendant's Renewed Motion in Limine: Regarding Exclusion of Evidence of Alleged Racial Discrimination Outside Applicable Time Period (Doc. 61) (collectively, Motions). Upon review of the Motions, the Court finds that Defendant has failed to comply with the requirements of Local Rule 3.01(g),

1

Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), regarding the duty to confer. Although Defendant includes a "Local Rule 3.01(G) Certification" with the Motions, it states only that "the undersigned counsel provided this Motion to Plaintiff's counsel prior to filing in compliance with the meet and confer requirements of Local Rule 3.01(G)." See, e.g., Motion (Doc. 58) at 2. Plainly, merely providing the Motions to opposing counsel is not a conferral and in no way satisfies defense counsel's duty to confer in good faith as required by Local Rule 3.01(g)(1). Even assuming the parties did confer on these Motions, Defendant's certification does not include the specific information regarding the conferral required by Local Rule 3.01(g)(2).

The failure to comply with Local Rule 3.01(g) in this instance is particularly egregious given that the Court held a hearing with the parties on April 6, 2022, at which time the Court specifically admonished the parties for their repeated failure to comply with the Local Rules of this Court. See Minute Entry (Doc. 42). Significantly, at that hearing, the Court addressed identical Local Rule 3.01(g) certifications that defense counsel included in prior versions of the instant Motions and explained why those certifications were deficient. See Defendant's Motions in Limine (Docs. 33-36).[1] As such, defense counsel's

---

[1] At the hearing, defense counsel explained that the parties had engaged in a proper conferral, despite the failure to reflect that information in the certification. Regardless, Defendant must confer with Plaintiff anew prior to filing the renewed Motions. The Court cannot discern from the certification in the instant Motions whether such conferral took place.

2

failure to correct these deficiencies when re-filing the Motions is concerning. Indeed, this marks the third time defense counsel's inadequate Local Rule 3.01(g) Certifications have required the Court to expend judicial resources on compliance.  <u>See</u> Endorsed Order (Doc. 27); Minute Entry (Doc. 42).  In light of the foregoing, the Court finds it necessary to strike the Motions.  The Court will also require all attorneys of record for Defendant to carefully read and review the Local Rules of this Court and file a certification on the docket when they have done so.  All parties are cautioned that failure to include a proper Local Rule 3.01(g) certification on future motions may result in the denial of the motion without further notice.  Accordingly, it is

**ORDERED:**

1. Defendant's Renewed Motion in Limine: Claims for Back Pay and Front Pay Should Not Be Submitted to Jury (Doc. 58); Defendant's Renewed Motion in Limine: Exclusion of Anecdotal Statistical Evidence Lacking Comparative Data (Doc. 59); Defendant's Renewed Motion in Limine: Evidence of Other Alleged Discrimination Should Be Excluded (Doc. 60); and Defendant's Renewed Motion in Limine: Regarding Exclusion of Evidence of Alleged Racial Discrimination Outside Applicable Time Period (Doc. 61) are **STRICKEN**.

2. On or before **November 10, 2022**, all attorneys of record for Defendant shall carefully read and review the Local Rules of this Court and file a notice with the Court certifying that they have done so.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies:

Counsel of record