**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**JAWANDA DOVE,**

**Plaintiff,**                                    **Case No.: 3:20-cv-547-J-34MCR**

**v.**

**FLAGLER COUNTY SCHOOL BOARD,**

**Defendant.**

_____/

**DEFENDANT'S AMENDED RENEWED MOTION IN LIMINE:
REGARDING EXCLUSION OF EVIDENCE OF ALLEGED
RACIAL DISCRIMINATION OUTSIDE APPLICABLE TIME PERIOD**

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by
and through its undersigned counsel, and moves this Honorable Court to exclude as
alleged violations of antidiscrimination employment laws by Defendant all
applications for employment positions made by Plaintiff outside of the applicable
time limits underlying Plaintiff's preceding charge filed with the U.S. Equal
Employment Opportunity Commission ("EEOC") / the Florida Commission on
Human Relations ("FCHR") for the upcoming trial:

**I.  INTRODUCTION**

Plaintiff's operative Second Amended Complaint alleges that she "has
applied for the position of Assistant Principal and other non-competitive (resume
and qualification promotion positions) approximately eighteen times throughout

1

her career. She has not been promoted to date due to her race." [Doc. 9, para. 17].

Plaintiff's underlying charge of discrimination filed with the EEOC was dated December 18, 2019, and explicitly states that the alleged discrimination took place from January 26, 2019 through November 22, 2019. Plaintiff appropriately did not select the "Continuing Action" checkbox. (A copy of Plaintiff's subject charge of discrimination is attached hereto as Exhibit "A").

The only time period of alleged discrimination to be considered by this Court is therefore that limited time period of January 26, 2019 through November 22, 2019.

The majority of the stated eighteen applied-for positions were posted and filled outside of that January 26, 2019 through November 22, 2019 time period. This Court should exclude from the upcoming trial all ten of those applications that occurred outside of that proscribed time period as alleged violations of antidiscrimination employment laws by Defendant.

## II.  MEMORANDUM OF LAW

### A.  Legal Standard

The purpose of a motion in limine is to reduce distractions during trial, provide for a smoother presentation of evidence to the jury and, most

importantly, insulate the jury from prejudicial inadmissible evidence. *United States v. Tokash,* 282 F.3d 962, 968 (7th Cir. 2002); *O'Rear v. Fruehauf Corp.,* 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977) (explaining that a motion in limine is made "for the purposes of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party…").

An order in limine is appropriate when, as here, the introduction of evidence at trial would unfairly prejudice a party and that prejudice could not properly be limited by cautionary jury instruction. *United States v. 215.7 Acres of Land,* 719 F.Supp. 273, 275 (D. Del. 1989). Because a limiting instruction could not cure the prejudicial nature of the subject evidence, this Court should enter an Order in Limine excluding its admission.

## B.  Applicable Time Period of Alleged Discrimination

Plaintiff's suit against Defendant consists of two counts alleging discrimination based upon her race and national origin: one for violation of Title VII of the Civil Rights Act of 1964, and the other for violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et al.

Prior to this suit, Plaintiff first filed a charge alleging discrimination against Defendant with the EEOC, the processing of which was deferred to the FCHR

pursuant to 29 C.F.R. § 1601.13(a)(4)(i). Following Defendant's submission of its response to the charge, the FCHR ultimately issued a notice of right to sue letter to Plaintiff. Receipt of said notice of right to sue letter is the jurisdictional prerequisite for Plaintiff to bring this suit pursuant to 29 C.F.R. § 1601.28, and therefore only those applied-for positions timely charged with the EEOC/FCHR by Plaintiff are within the jurisdiction of this Court.

As the FCHR enforces the FCRA which prohibits employment discrimination on the same basis as Title VII, the deadline for Plaintiff to have filed a charge with the EEOC was within 300 days of each alleged discriminatory act by Defendant pursuant to 29 C.F.R. § 1601.13(a)(4)(ii)[1].

Plaintiff's underlying charge filed with the EEOC explicitly states that the alleged discrimination took place from January 26, 2019 through November 22, 2019, and Plaintiff appropriately did not select the "Continuing Action" checkbox. The filing of such a charge with the EEOC is a mandatory prerequisite in order to bring a suit under Title VII. *Martinez v. United Auto., Aerospace & Agr. Implement Workers of America, Local 1373,* 772 F.2d 348, 350 (7th Cir. 1985) (citing *McDonnel Douglas Corp. v. Green,* 411 U.S. 792, 798 (1973) (dictum)).

---

[1] *See https://www.eeoc.gov/time-limits-filing-charge.*

Accordingly, only the following eight employment applications out of the eighteen referenced by Plaintiff fall within the proscribed time period for the underlying charge of discrimination with the EEOC, and thus are jurisdictionally proper to be before this Court:

1. Assistant Principal, 41 applicants, 05/31/19, ID: 190522002

2. Assistant Principal, 35 applicants, 05/31/19, ID: 190522001

3. Assistant Principal, 38 applicants, 07/09/19, ID: 190618001

4. Literacy Coach, 23 applicants, 06/24/19, ID: 190606001

5. MTSS Coordinator, 14 applicants, 07/18/19, ID: 190712004

6. Parent Specialist, 17 applicants, 07/26/19, ID: 190722004

7. Curriculum Specialist, 10 applicants, 09/12/19, ID: 190906001 [2]

8. Academic Interventionist, 21 applicants, 09/30/19, ID: 190813002

For these reasons, this Court should exclude as alleged violations of antidiscrimination employment laws by Defendant all applications for employment positions made by Plaintiff outside of the applicable time limits

---

[2] Plaintiff did not meet the minimum qualifications for the position of Curriculum Specialist ID: 190906001 at the time she applied, in that she lacked certain required ESE credentials. Plaintiff has since obtained these ESE credentials, and if that position was presently available then Plaintiff would be qualified for consideration.

underlying Plaintiff's preceding charge filed with the EEOC, from January 26, 2019 through November 22, 2019.

### C.  Prejudice Outweighs Probative Value

Any mention in front of the jury that Plaintiff's ten applied-for positions outside the applicable time period were motivated by racial discrimination, as well as any evidence or references pertaining to history of racial issues with Defendant outside the applicable time period, would be highly prejudicial to Defendants and any probative value would be substantially outweighed by unfair prejudice to Defendant. Fed. R. Evid. 403.

"Evidence is relevant if (1) it tends to make a fact more or less probable and (2) the fact is of consequence in determining the case. Fed. R. Evid. 401(a)-(b). The district court may exclude relevant evidence, however, if the danger of unfair prejudice, confusing the issues, or misleading the jury substantially outweighs its probative value. Fed. R. Evid. 403." *Green v. U.S. Steel Corp.,* 550 Fed.Appx. 773, 776 (11th Cir. 2013).

These allegations will have a prejudicial effect on the jury because some may view the significant number of prior applied-for positions as a reason to have sympathy for Plaintiff, and any incidents from outside the applicable time

period have no connection to whether Defendant acted in a discriminatory manner within the applicable time period.

Testimony and other evidence that Defendant has allegedly engaged in racially discriminatory behavior on a limited number of instances outside the applicable time period should not be admissible to prove that Defendant discriminated against Plaintiff in the present case. Fed. R. Evid. 404. The probative value of this testimony would be substantially outweighed by the unfair prejudice, as the jury is likely to give the testimony of being denied prior advancement of employment too much consideration or weight. Fed. R. Evid. 404.

For these reasons, this Court should exclude any mention of alleged racial discrimination by Defendant from any time outside the applicable time limits underlying Plaintiff's preceding charge filed with the EEOC, from January 26, 2019 through November 22, 2019.

WHEREFORE, Defendant, FLAGLER COUNTY SCHOOL BOARD, respectfully requests that this Honorable Court to enter an Order which excludes as alleged violations of antidiscrimination employment laws by Defendant all applications for employment positions made by Plaintiff outside of the applicable time limits underlying Plaintiff's preceding charge filed with the EEOC, and excludes any mention of alleged racial discrimination by

Defendant from any time outside the applicable time limits underlying Plaintiff's preceding charge filed with the EEOC, from January 26, 2019 through November 22, 2019.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that the undersigned counsel provided this Motion to Plaintiff's counsel prior to filing. Plaintiff's counsel informed the undersigned counsel that Plaintiff opposes the relief requested herein via email correspondence on November 10, 2022. The parties have thereby complied with the meet and confer requirements of Local Rule 3.01(G).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2022, a true and correct copy of the foregoing, Defendant's Amended Renewed Motion in Limine: Regarding Exclusion of Evidence of Alleged Racial Discrimination Outside Applicable Time Period,  was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to: Blair Jackson, Esq., DSK Law, 609 West Horatio Street, Tampa, Florida 33606, bjackson@dsklawgroup.com, blair@coreycohen.com.

*s/ Dylan J. Hall, Esq.*
RICHARD B. BUSH, ESQ.Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200
Tallahassee, FL 32308

(850) 386-7666
rbb@bushlawgroup.com
mkp@bushlawgroup.com
tmr@bushlawgroup.com

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
djh@bushlawgroup.com
slo@bushlawgroup.com
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant

*Exhibit "A"*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2020-00948 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Jawanda Dove** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| **250 Palm Coast Parkway NE, Suite 607, PMB 173, Palm Coast, FL 32137** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **FLAGLER SCHOOLS** | **15 - 100** | **(386) 437-7326** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1769 East Moody Blvd., Bldg. #2, Bunnell, FL 32110** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest **01-26-2019** Latest **11-22-2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I am Black with a dark brown complexion. I am a 20-year veteran educator employed with the above named Employer an assigned to Indian Trails Middle School. I was denied promotional opportunities because of my race and color and in retaliation for filing a previous charge with the EEOC in 2014.

II. On 6/8/18 and through 8/27/18 I applied for 3 Leadership positions and 7 Leadership positions from 5/30/19 through 9/12/19. The Employer said I must obtain my ESE Certification even though many of the positions I applied for did not require an ESE Certification. Nevertheless, I later obtained my ESE Certification on 9/11/19, and applied for a Curriculum Specialist position. However, I was not selected. Jewel Johnson, Chief HR Officer said my ESE certificate was not processed in my file or on my application. Instead, the Employer has promoted less experienced and less qualified white individuals that did not meet the minimum qualifications of degrees or certifications. I have a master's degree in Reading, a Specialist degree in Educational Leadership and a bachelor's degree in Elementary Education.

III. I believe the Employer discriminated against me in violation of Title VII of the Civil Right Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>*Received* |
| DOB 04/10/1975<br><br>12/18/2019     *Jawanda Dove*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*   DEC 20 2019<br><br>EEOC Miami District Office |