# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JAWANDA DOVE,

        Plaintiff,

vs.                              Case No.  3:20-cv-547-MMH-MCR

FLAGLER COUNTY SCHOOL
BOARD,

        Defendant.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 37; Motion), filed March 28, 2022.  Plaintiff Jawanda Dove filed a response in opposition to the Motion. See Plaintiff's Amended Response to Defendant['s] Motion for Summary Judgement [sic] and Supporting Memorandum of Law (Doc. 52; Response), filed May 11, 2022.[1]  Defendant Flagler County School Board filed a reply.  See

---

[1]  After the Court twice granted Dove additional time to respond to the Motion, see Order (Doc. 44) at 1; Endorsed Order (Doc. 46), Dove's counsel filed a response on April 29, 2022.  See Plaintiff['s] Response to Defendant['s] Motion for Summary Judgement [sic] and Supporting Memorandum of Law (Doc. 47; Original Response).  On May 3, 2022, the Court struck the Original Response for its "particularly egregious" failure to comply with the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).  See Order (Doc. 49) at 1–2.  The Court required Dove's counsel to file a "notice with the Court certifying that he has carefully read, and now understands the requirements of, the Court's Local Rules."  Id. at 2.  The Court also gave Dove's counsel "up to and including May 9, 2022, to file an amended response which complies with the Local Rules of this Court."  Id.  Instead of complying with the May 9 deadline, Dove's counsel filed the Response on May 11, 2022.

Defendant's Reply to Plaintiff's Amended Response to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 54; Reply), filed May 25, 2022.  Accordingly, this matter is ripe for review.

## I.    Background[2]

The Flagler County School Board (School Board) has employed Dove, who is African American, as an instructional educator since 2006.  See Affidavit in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 48; Dove Aff.) at 2, filed April 29, 2022.  Between June 8, 2018, and August 27, 2018, Dove applied for three leadership positions but was not selected.  See id.  From May 30, 2019, through September 12, 2019, Dove applied for seven other leadership positions but also was not selected.  See id.  Dove maintains that the School Board chose "less qualified Caucasian candidates" for all of the positions.  Id.

The School Board has a process for filling employment vacancies.  Motion at 21–26, Ex. A: Affidavit in Support of Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Johnson Aff.) at 22.  For each

_____

Dove's counsel never asked the Court for another extension of the deadline to respond and never requested that the Court accept the Response as timely filed.  Counsel's disregard for the Court's deadlines and rules is unacceptable.  Nevertheless, because the Court prefers to resolve matters on the merits after hearing from all parties, the Court will consider the Response.  Counsel is cautioned that the Court expects compliance with all future deadlines.

[2]  For the purposes of resolving the Motion, the Court views all disputed facts and reasonable inferences in the light most favorable to Dove.  However, the Court notes that these facts may differ from those ultimately proved at trial.  See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).

employment vacancy, the School Board forms a hiring committee that interviews "all qualified applicants." Id. at 22–23. The School Board hires the candidate "recommended by the committee as the best qualified." Id. at 23. According to the School Board's Chief Human Resources Officer Jewel Johnson, the School Board "abides by equal employment opportunity procedures for its personnel" and has a written policy forbidding discrimination in its employment practices. Id.; Motion at 27–28, Ex. B. Johnson further notes that the School Board employs African American individuals in leadership positions "similar or more prestigious than the subject positions that Ms. Dove applied for." Johnson Aff. at 24. With respect to seven of the positions at issue, Johnson maintains that the hiring committee did not recommend Dove because "Dove was not the best qualified candidate out of all applicants." Id. at 23. For an eighth position, Curriculum Specialist ID: 190906001, Johnson avers that Dove did not meet the minimum qualifications for the position because Dove formatted her application in such a way that it did not show certain credentials required for the position. See id. Dove asserts that Johnson's statement about the Curriculum Specialist application is "not true." Dove Aff. at 3.

Dove filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on December 18, 2019, in which she asserted that the School Board denied her "promotional opportunities because of [her] race and color and in retaliation for filing a previous charge with the EEOC in

2014." Motion at 30, Ex. C: Charge of Discrimination (EEOC Charge). She initiated this action on June 30, 2020, by filing her Complaint and Demand for Jury Trial (Doc. 1). With leave of Court, Dove filed the currently operative complaint on July 29, 2022. See Plaintiff's Second Amended Complaint for Damages (Doc. 9; Complaint). In the Complaint, Dove alleges that the School Board discriminated against her because of her race and national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760.01 et seq. See Complaint ¶ 11. Specifically, in Count I, Dove asserts that the School Board violated Title VII by failing to promote her on eighteen occasions because of discrimination. Id. ¶¶ 17, 20–22. And, in Count II, Dove alleges that the School Board "willfully, knowingly and intentionally violated the State's explicit Equal Opportunity Affirmative Action Law," Fla. Stat. § 110.112, and the Florida Educational Equity Act (FEEA), id. § 1000.05. Complaint ¶¶ 25–26. Dove also maintains that the School Board "selected and promoted four (4) Caucasian colleagues to Assistant Principal positions," instead of selecting Dove who "had more years of experience and more educational accomplishments." Id. ¶ 27.

## II.    Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[3] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Est. of

---

[3] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 Advisory Committee's Note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

<u>Kesinger v. Herrington</u>, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248; <u>see also</u> <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1243 (11th Cir. 2003) ("The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case.").   In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir. 1995)

(citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## III.   Discussion[4]

As an initial matter, the School Board asserts that only eight employment decisions are properly at issue because Dove did not timely challenge the other employment decisions by filing a charge with the EEOC within three hundred days of the adverse actions. See Motion at 5 & n.1. Dove does not respond to this argument. In resolving the Motion, the Court will consider only the eight employment decisions made within the three hundred days before Dove filed her EEOC Charge. See 42 U.S.C. § 2000e-5(e)(1).

---

[4] Dove asserts parallel race discrimination claims under Title VII and the FCRA. See Complaint ¶ 11. "Because the FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, the state-law claims do not need separate discussion and their outcome is the same as the federal ones." Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253, 1271 (11th Cir. 2010) (citation omitted); see Gray v. City of Jacksonville, 492 F. App'x 1, 3 (11th Cir. 2012). Similarly, Dove alleges that the School Board violated the FEEA. See Complaint ¶ 26. A claim of employment discrimination under the FEEA is likely subject to the same Title VII analysis. See Ren v. Univ. of Cent. Fla. Bd. of Trustees, 390 F. Supp. 2d 1223, 1235–36 (M.D. Fla. 2005), aff'd, 179 F. App'x 680 (11th Cir. 2006). Finally, Dove asserts that the School Board violated section 110.112 of the Florida Statutes, by selecting mostly Caucasian candidates. See Complaint ¶ 25. Section 110.112 provides that "[a]ny individual claiming to be aggrieved by an unlawful employment practice may file a complaint" as provided by the FCRA. Fla. Stat. § 110.112(5)–(6). Therefore, to the extent that Dove is bringing a claim under section 110.112, that claim is not separate from the FCRA claim. In sum, the same analysis governs all of Dove's discrimination claims.

In citing to Ren, the Court notes that, although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Title VII provides "that it is unlawful for an employer 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Holifield v. Reno, 115 F.3d 1555, 1561 (11th Cir. 1997) (quoting 42 U.S.C. §§ 2000e-2(a)(1)), abrogated on other grounds by Lewis v. City of Union City, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc).  A plaintiff may establish a Title VII discrimination claim through the introduction of direct or circumstantial evidence or statistical proof of discrimination.  Lee v. U.S. Steel Corp., 450 F. App'x 834, 839 (11th Cir. 2012) (citing Alvarez v. Royal Atl. Devs., Inc., 610 F.3d 1253, 1264 (11th Cir. 2010)).  Where, as here, the plaintiff relies on circumstantial evidence of discrimination,[5] the Court applies the burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Alvarez, 610 F.3d at 1264.  When relying on the McDonnell Douglas framework to support a claim of discrimination, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  Id.  If the plaintiff presents a prima facie case, that evidence "creates a presumption that the employer unlawfully discriminated against the employee." Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 254 (1981).  The burden of production then shifts to the defendant to offer a legitimate, nondiscriminatory reason for the

---

[5] Dove concedes that she has no direct evidence of discrimination.  See Response at 2.

adverse employment action.   Id.   If the defendant meets this burden of production, the burden shifts back to the plaintiff to show that the stated reason is a mere pretext for unlawful discrimination and was not the "true reason for the employment decision." Id. at 256.

A.   **Prima Facie Case**

Both parties assert that Dove must show the following elements to establish a prima facie case: "(1) she is a member of a protected class; (2) she applied for and was qualified for an available position; (3) she was rejected; and (4) Defendant filled the position with a person outside Plaintiff's protected class." Motion at 9 (citing Childress v. Caterpillar Logistics Servs., Inc., 369 F. App'x 95, 96 (11th Cir. 2010) (per curiam)); Response at 2 (citing Childress, 369 F. App'x at 96); see E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002) (per curiam).   The School Board concedes that Dove can meet the first and third elements for all of the contested positions.   See Motion at 10. The School Board also acknowledges that Dove can establish the second element for seven of the eight positions because she applied for them and was qualified.   See id.   While the School Board argues that Dove was not qualified for the eighth position, ID: 190906001, because her application did not list a key credential, see id. at 6 n.2, 10; Johnson Aff. at 23, Dove disputes this contention, see Dove Aff. at 3.   Indeed, there is a genuine dispute of fact about whether Dove's application showed this credential, and neither party has placed the

application itself into the record.  Therefore, viewing all disputed facts in favor of Dove, the Court finds that Dove has met the second element as to all of the positions.

As to the fourth element, the School Board contends that Dove cannot satisfy her burden because the School Board "has hired and promoted many other applicants of the same protected class to fill similar and also more prestigious positions."  Motion at 10.  This argument suggests a fundamental misunderstanding of plaintiff's burden.  Even under the School Board's own recitation of the fourth element, the relevant positions are the ones to which Dove applied.  See id. at 9 ("Defendant filled the position with a person outside Plaintiff's protected class." (emphasis added)); Joe's Stone Crabs, 296 F.3d at 1273 (listing the fourth element as "the position [to which the plaintiff applied] remained open or was filled by another person outside of her protected class").  To establish a prima facie case, Dove does not have to show that the decisionmaker at the School Board has discriminated in every hiring decision or that no other individual in her protected class has achieved success.

In arguing that Dove fails to satisfy the fourth element of her prima facie case, the School Board cites Kennebrew v. Cobb County School District, No. 115CV02495RWSCMS, 2017 WL 4334244 (N.D. Ga. May 22, 2017), report and recommendation adopted, No. 1:15-CV-2495-RWS, 2017 WL 4456889 (N.D. Ga. June 28, 2017).  However, that case is distinguishable in a significant respect.

In Kennebrew, the plaintiff applied for a special education teaching position. Id. at *1. At the time, the defendant had five open special education positions but did not select the plaintiff to fill any of them. See id. However, "[m]ost of the candidates that Defendant [did hire] to fill the positions Plaintiff applied for were in Plaintiff's same protected classes." Kennebrew, 2017 WL 4456889, at *1. Based on this fact, the district court found that the plaintiff could not establish a prima facie case of discrimination for any of the five openings. See id. Although the plaintiff urged the court to view each of the five hiring decisions separately, the court noted that "[t]he five positions were filled around the same time and as part of the same decision-making process." See id. Such does not appear to be the case here. Notably, the School Board has provided no information about when and how the various hiring decisions for the positions at issue were made. Nor does the School Board assert that the positions "were filled around the same time and as part of the same decision-making process." Id.; see also Dove Aff. at 4 (asserting that the positions are not "similarly situated"). Thus, the Court declines to extend the reasoning of Kennebrew to the situation here. See Saweress v. Ivey, 354 F. Supp. 3d 1288, 1305 (M.D. Fla. 2019) (rejecting a similar argument based on Kennebrew).

Dove has identified several Caucasian individuals who were selected for the positions to which she applied. See Dove Aff. at 5. Moreover, in Defendant's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for

Damages (Doc. 10; Answer), filed August 18, 2020, the School Board admits that it hired Caucasian individuals to fill at least three of the assistant principal positions to which Dove applied.  See id. ¶ 27; Complaint ¶ 27.  As a result, the Court finds that Dove has established a prima facie case.

### B.   Proffered Nondiscriminatory Reason

Because Dove has established a prima facie case, the burden of production shifts to the School Board to offer a legitimate, nondiscriminatory reason for its decisions.  See Burdine, 450 U.S. at 254.  "To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection."  Id. at 255 & n.9.  A defendant may present objective or subjective reasons.  See Chapman v. AI Transp., 229 F.3d 1012, 1028 (11th Cir. 2000) (en banc).  The Eleventh Circuit has explained that "'the defendant's explanation of its legitimate reasons must be clear and reasonably specific' so that 'the plaintiff be afforded a full and fair opportunity to demonstrate pretext.'"  Id. at 1034 (quoting Burdine, 450 U.S. at 258).  "A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion."  Id.

Here, the School Board's asserted nondiscriminatory reason is simply a conclusory statement by Johnson that the hiring committee found that Dove "was not the best qualified candidate out of all applicants for the remaining

seven applied-for positions at issue." Johnson Aff. at 23. This explanation is wholly insufficient to meet the School Board's burden of production. See Steger v. Gen. Elec. Co., 318 F.3d 1066, 1076 (11th Cir. 2003) ("A defendant may not merely state that the employment decision was based on the hiring of the 'best qualified' applicant, but must articulate specific reasons for that applicant's qualifications . . . ."); Increase Minority Participation by Affirmative Change Today of Nw. Fla., Inc. (IMPACT) v. Firestone, 893 F.2d 1189, 1194 (11th Cir. 1990) ("A mere statement that the employer hired the best qualified person leaves no opportunity for the employee to rebut the given reason as a pretext . . . ."). The School Board has not provided "a clear and reasonably specific factual basis upon which it based its subjective opinion" that Dove was less qualified overall than the selected candidates. Chapman, 229 F.3d at 1034. Although counsel for the School Board insinuates that Dove did not perform well in her interviews, see Reply at 5, the School Board has not pointed to admissible evidence to support that suggestion. Because the School Board has not met its burden of production, Dove's prima facie case stands unrebutted. See Joe's Stone Crabs, 296 F.3d at 1276. Therefore, the School Board's Motion is due to be denied.

Accordingly, it is

**ORDERED:**

Defendant's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 37) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on November 14, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties