**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JAWANDA DOVE,**

     **Plaintiff,**

**vs.**                           **CASE NO.: 3:20-cv-547-MMH-MCR**

**FLAGLER COUNTY SCHOOL**
**BOARD,**

     **Defendants.**

_____/

**RENEWED JOINT FINAL PRETRIAL STATEMENT**

COME NOW, the Parties, Plaintiff, JAWANDA DOVE, and Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through their respective undersigned counsel, and pursuant to the Case Management and Scheduling Order and M.D. Local R. 3.06, hereby submit their Joint Pretrial Statement.

1. **Basis of Court's Subject Matter Jurisdiction**

   The district court has federal question jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1964; and the Florida Civil Rights Act of 1992, Fla. Stat §760.01 et al.

2. **Anticipated Length of Trial**

   Three (3) days

3. **Concise Statement of the Nature of the Action**

   Plaintiff is seeking damages for discrimination based on race and national origin both in terms of employment opportunities and pay disparity at the hands of Defendant.

Defendant asserts no discrimination has taken place, and Plaintiff has been treated fairly by Defendant.

4. **Brief Summary of the Parties' Cases**

*a. Plaintiff's Summary of the Case*

Plaintiff contends she has applied for a number of jobs for which she was not promoted, was qualified for the positions, and should have been promoted.

*b. Defendant's Summary of the Case*

Defendant asserts that Plaintiff was qualified, however, others were better qualified for the positions.

5. **Statement of Damages Sought**

PRE-JUDGEMENT DAMAGES

    A.   BACK PAY AND BENEFITS

Plaintiff seeks $100,000.00.

    B.   NON-ECONOMIC ECONOMIC DAMAGES

None

POST JUDGEMENT COMPENSATORY DAMAGES

    A.   ECONOMIC

None

    B.   INTEREST

Statutory

ATTORNEY'S FEES, COSTS and EXPENSES

Statutory

## 6. **Pending Motions**

Defendant has four (4) Motions in Limine pending with the court, as well as a Motion for Summary Judgment and Supporting Memorandum of Law.

## 7. **Agreed Facts**

a. Plaintiff is a member of a protected class.

## 8. **Facts in Dispute**

a. Whether Plaintiff was qualified for the job positions she applied for

b. Whether Plaintiff's race and/or color were motivating factors that prompted Flagler County to not promote her.

c. Whether legitimate, non-discriminatory reasons proffered by Flagler County School Board are pretext for discrimination.

d. Whether Flagler County School Board would have made the same decision to not offer Plaintiff promotions in question.

e. Whether Plaintiff suffered lost wages or benefits as a result of the FCSB's decision to not promote Plaintiff, and if so in what amount.

## 9. **Agreed Principles of Law**

a. The Court has jurisdiction over the parties and the subject matter of this lawsuit.

b. Venue is proper in the United States District Court, Middle District of Florida, Jacksonville Division.

3

c. All necessary parties have been joined in this proceeding.

d. The parties have met all jurisdictional prerequisites and precedent to filing a lawsuit in this manner.

## 10. **Disputed Issues of Law**

None.

## 11. **Exhibit Lists**

Plaintiff hereby adopts Defendant's Exhibit List as her own Exhibit List.

Defendant's Exhibit List is attached hereto as Exhibit "A". Plaintiff has stated she has no opposition to Defendant's Exhibit List.

## 12. **Witness Lists**

Plaintiff's hereby adopts Defendant's Witness List as her own Witness List.

Defendant's Witness List is attached hereto as Exhibit "B". Plaintiff has stated she has no opposition to Defendant's Witness List.

## 13. **Deposition Designations**

N/A

## 14. **Jointly-Proposed Jury Instructions and Verdict Form**

The Parties' Joint Proposed Jury Instructions and Verdict Form are attached hereto as Exhibit "C".

## 15. **Voir Dire**

The Parties' Joint Proposed Voir Dire is attached hereto as Exhibit "D".

DATE: November 14, 2022.

_s/ Blair Jackson, Esq._
BLAIR JACKSON
Florida Bar No. 912956
DSK Law
609 West Horatio St
(813) 251-5825
(813) 254-1063 - FAX
bjackson@dsklawgroup.com
Attorneys for Plaintiff

_s/ Richard B. Bush, Esq._
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200
Tallahassee, FL 32308
(850) 386-7666
rbb@bushlawgrou.com
mkp@bushlawgrou.com
tmr@bushlawgroup.com

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
djh@bushlawgroup.com
slo@bushlawgroup.com
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant

*Exhibit "A"*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JAWANDA DOVE,**

    **Plaintiff,**

**vs.**                             **CASE NO.: 3:20-cv-547-MMH-MCR**

**FLAGLER COUNTY SCHOOL**
**BOARD,**

    **Defendants.**
_____/

**<u>DEFENDANT'S EXHIBIT LIST FOR TRIAL</u>**

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through its undersigned counsel, and hereby identifies the following exhibits which may be introduced at trial in this matter and reserves the right to amend or supplement this List subject to this Court's discretion:

1. FCSB0001-FCSB01111 – Applications of individuals who applied for the job posting for 2018-2019 school year Assistant Principal of Flagler Palm Coast High School

2. FCSB0112-FCSB0149 - Applications of individuals who applied for the job posting for 2018-2019 school year Assistant Principal of Matanzas High School

3. FCSB0150-FCSB0245 - Applications of individuals who applied for the job posting for 2018-2019 school year Assistant Principal of Bunnell Elementary School.

4. FCSB0246-FCSB0398 - Applications of individuals who applied for the job posting for 2018-2019 school year 12 month Assistant Principal of Flagler Palm Coast High School

5. FCSB0399-FCSB0465 - Applications of individuals who applied for the job posting for 2019-2020 school year 10.5 month Assistant Principal of a to be determined location

6. FCSB0466-FCSB0695  - Interview notes of applicants for the 2019-2020 10.5 month Assistant Principal of Bunnell Elementary School.

7. FCSB0696-FCSB0755 - Applications of individuals who applied for the job posting for 2019-2020 school year 12 month Assistant Principal of Flagler Palm Coast High School

8. FCSB0756-FCSB1216 - Applications and interview notes of individuals who applied for the job posting for 2019-2020 school year Assistant Principal of Wadsworth Elementary School

9. FCSB1217-FCSB1296 - Applications of individuals who applied for the job posting for 2019-2020 school year 10.5 month Assistant Principal of Flagler Palm Coast High School

10. FCSB1297-FCSB1326 – All positions Plaintiff has submitted applications for within Flagler County School District

11. FCSB1327-FCSB1349 – Letter sent from Plaintiff to Dr. Earl Johnson, resume, and handwritten notes of Plaintiff's interview.

12. FCSB1350-FCSB1367 – Handwritten notes of interviewer #1 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

13. FCSB1368-FCSB1417 - Handwritten notes of interviewer #2 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

14. FCSB1418-FCSB1471 - Handwritten notes of interviewer #3 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

15. FCSB1476-FCSB1535 - Handwritten notes of interviewer #4 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

16. FCSB1536-FCSB1555 - Handwritten notes of interviewer #5 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

17. FCSB1556-FCSB1609 - Handwritten notes of interviewer #6 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

18. FCSB1610-FCSB1645 - Handwritten notes of interviewer #7 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

19. FCSB1677-FCSB1682 - Handwritten notes of interviewer #8 for applicants for the position of 2019-2020 school year Assistant Principal of Wadsworth Elementary School

20. FCSB1683-FCSB2181 – Handwritten notes of interview of applicants for Rymfire Elementary School Literacy Coach

21. FCSB2182-FCSB2375 – Handwritten notes of interviews of applicants individuals for the position of 2019-2020 school year Wadsworth Elementary School Assistant Principal

22. FCSB2376-FCSB2479 – Applications and interview notes of applicants for the 2019-2020 Rymfire Elementary School Academic Interventionist position

23. FCSB2480-FCSB2508 – Status history of Plaintiff's applications

24. FCSB2509-FCSB2511 – Flagler County School Board Code Guide

25. FCSB2512 – Position postings for Dean, TSA Dean, TSA Intervention and

Behavior interventions as of 04/04/22 in Flagler County School District

26. FCSB2513-FCSB2516 – Emails between Plaintiff and Jewel Johnson

DATE: <u>November 14, 2022</u>

<u>*s/ Richard B. Bush, Esq.*</u>
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200
Tallahassee, FL 32308
(850) 386-7666
<u>rbb@bushlawgroup.com</u>
<u>mkp@bushlawgroup.com</u>
<u>tmr@bushlawgroup.com</u>

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
<u>djh@bushlawgroup.com</u>
<u>slo@bushlawgroup.com</u>
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant

*Exhibit "B"*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JAWANDA DOVE,**

      **Plaintiff,**

**vs.**                                **CASE NO.: 3:20-cv-553-J-39MCR**

**FLAGLER COUNTY SCHOOL BOARD,**

      **Defendants.**

_____/

## DEFENDANT'S WITNESS LIST FOR TRIAL

COMES NOW, Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through its undersigned counsel, identifies the following witnesses who may be called to testify during the trial of this cause:

1.    Jawanda Dove
      Plaintiff
      c/o Law Office of Corey I. Cohen & Associates
      21 Park Lake Street
      Orlando, FL 32803
      (407) 246-0066

2.    Kristy Gavin, Esq.,
      General Counsel, Flagler County School Board
      c/o Bush & Augspurger, P.A.
      3375 C Capital Circle NE
      Tallahassee, Florida 32308
      (850)386-7666

3.      Jewel Johnson
        Chief Human Resources Officer, Flagler County School Board
        c/o Bush & Augspurger, P.A.
        3375 C Capital Circle NE
        Tallahassee, Florida 32308
        (850)386-7666

4.      Hiring Committee Members[1], c/o Defendant's counsel. Information regarding
        the facts underlying Plaintiffs claims, roles on Defendant's Hiring Committee,
        Defendant's hiring practices and procedures, and involvement in processing
        Plaintiffs' subject job applications.

5.      Paul Peacock, c/o Defendant's counsel. Information as the Principal of
        Defendant's Indian Trails Middle School, and as the direct supervisor of
        Plaintiff in her current employment capacity as a teacher at Defendant's
        Indian Trails Middle School.

6.      Robert Bossardet, c/o Defendant's counsel. Information as the Executive
        Director of Leadership Development for Defendant.

7.      Dr. Earl Johnson, c/o Defendant's counsel. Information as the Executive
        Director of Student & Community Engagement and Operations for
        Defendant, and as the former Executive Director of Leadership Development
        for Defendant.

8.      Tom Wooleyhan, c/o Defendant's counsel. Information regarding role on
        Defendant's Hiring Committee, Defendant's hiring practices and procedures,
        and involvement in processing Plaintiffs' subject job applications.

9.      Travis Lee, c/o Plaintiff's counsel. Information as the Principal and former
        Assistant Principal of Rymfire Elementary School.

10.     Eric Josey, c/o NAACP Flagler County Branch, 1 Florida Park Drive, Suite
        305, Palm Coast, FL 32137. Information as the Chairman of Legal Redress

---

1 Defendant's hiring practices utilize a Hiring Committee to handle each open position application
  process and determine the best-qualified candidate. The members of each Hiring Committee vary
  and differ for each open position, and typically consist of 3-7 employees ranging from teachers
  to principals to Executive Directors. As such, because Plaintiff applied for numerous open
  positions during the subject timeframe, the members of each Hiring Committee can be furnished
  by Defendant upon Plaintiff's individual request.

for NAACP Flagler County Branch regarding his non-attorney advisement and representation of Plaintiff as to her subject claims and the facts underlying them.

11.    All witnesses listed by Plaintiff.

12.    All rebuttal witnesses as may be necessary.


DATE: <u>November 14, 2022</u>

<div style="margin-left:40%">

*s/ Richard B. Bush, Esq.*
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
BUSH & AUGSPURGER, P.A.
3375-C Capital Circle N.E., Ste. 200
Tallahassee, FL 32308
(850) 386-7666
rbb@bushlawgroup.com
mkp@bushlawgroup.com
tmr@bushlawgroup.com

DYLAN J. HALL, ESQ.
Fla. Bar. No.: 112528
djh@bushlawgroup.com
slo@bushlawgroup.com
BUSH & AUGSPURGER, P.A.
411 E. Jackson Street
Orlando, FL 32801
(407) 422-5319
Attorneys for Defendant

</div>

*Exhibit "C"*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JAWANDA DOVE,**

     **Plaintiff,**

**vs.**                            **CASE NO.: 3:20-cv-547-MMH-MCR**

**FLAGLER COUNTY SCHOOL
BOARD,**

     **Defendants.**

_____/

## RENEWED JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

      COME NOW, the Parties, Plaintiff, JAWANDA DOVE, and Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through their undersigned counsel, hereby file these Renewed Joint Proposed Jury Instructions and Verdict Form.

DATE: November 14, 2022.

_s/ Blair Jackson, Esq.,_                 _s/ Richard B. Bush, Esq._
BLAIR JACKSON                    RICHARD B. BUSH, ESQ.
Florida Bar No. 912956            Fla. Bar No.: 294152
DSK Law                        DYLAN J. HALL, ESQ.
609 West Horatio St               Fla. Bar No.: 112528
(813) 251-5825                  BUSH & AUGSPURGER, P.A.
(813) 254-1063 - FAX            411 E. Jackson St.
bjackson@dsklawgroup.com     Orlando, FL 32801
Attorneys for Plaintiff            (407) 422-5319
                                 (407) 849-1821 – FAX
                                 rbb@bushlawgroup.com
                                 djh@bushlawgroup.com
                                 slo@bushlawgroup.com
                                 Attorneys for Defendant

## PROPOSED JURY INSTRUCTION NO. 1
### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even when you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the

  witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· Any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence;

  and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Jawanda Dove, claims the Defendant, Flagler County School Board, failed to promote her because of her race. Flagler County School Board denies those claims and contends

that Plaintiff was not promoted for other legitimate, nondiscriminatory reasons, and Plaintiff would not have been promoted regardless of any alleged discriminatory intent.

Burden of proof:

Ms. Dove has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Dove must prove that, in light of all the evidence, what she claims is more likely true than not. If you could put the evidence favoring Ms. Dove and the evidence favoring Flagler County School Board on opposite side of balancing scales, Ms. Dove needs to make the scale tip to her side. If Ms. Dove fails to meet this burden, you must find favor of Flagler County School Board.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Flagler County School Board has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Flagler County School Board must prove for any affirmative defense. After considering all the evidence, if you decide that Flagler County School Board has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the Jury:</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, Reddit, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, pr research and fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Ms. Dove will present her witnesses and ask them questions. After Ms. Dove questions the witness, Flagler County School Board may ask the witness questions – this is called "cross-examining" the witness. Then Flagler County School Board will present its witnesses, and Ms. Dove may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**AUTHORITY**     Civil Pattern Instruction 1.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:           _____

## <u>PROPOSED JURY INSTRUCTION NO. 2</u>

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**AUTHORITY**      Civil Pattern Instruction 1.5, U.S. Eleventh Circuit (13th Ed.)

GRANTED:       _____

DENIED:       _____

MODIFIED:      _____

WITHDRAWN:     _____

## PROPOSED JURY INSTRUCTION NO. 3

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**AUTHORITY**        Civil Pattern Instruction 2.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:        _____

DENIED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

## PROPOSED JURY INSTUCTION NO. 4

### Introduction

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**AUTHORITY**      Civil Pattern Instruction 3.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:          _____

DENIED:           _____

MODIFIED:          _____

WITHDRAWN:          _____

## PROPOSED JURY INSTRUCTION NO. 5

**The Duty to Follow Instructions – Government Entity or Agency Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**AUTHORITY**     Civil Pattern Instruction 3.2.3, U.S. Eleventh Circuit (13th Ed.)

GRANTED:      _____

DENIED:       _____

MODIFIED:     _____

WITHDRAWN:    _____

12

## PROPOSED JURY INSTRUCTION NO. 6

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY**          Civil Pattern Instruction 3.3, U.S. Eleventh Circuit (13th Ed.)

GRANTED:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

13

## PROPOSED JURY INSTRUCTION NO. 7

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.   Did the witness impress you as one who was telling the truth?

2.   Did the witness have any particular reason not to tell the truth?

3.   Did the witness have a personal interest in the outcome of the case?

4.   Did the witness seem to have a good memory?

5.   Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.   Did the witness appear to understand the questions clearly and answer them directly?

7.   Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY**          Civil Pattern Instruction 3.4, U.S. Eleventh Circuit (13th Ed.)

GRANTED:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

14

## PROPOSED JURY INSTRUCTION NO. 8

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY**          Civil Pattern Instruction 3.5.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:        _____

DENIED:         _____

MODIFIED:      _____

WITHDRAWN:    _____

15

<u>**PROPOSED JURY INSTRUCTION NO. 9**</u>

**Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence**

In this case it is the responsibility of Ms. Dove to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Ms. Dove's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Ms. Dove.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Dove's claim by a preponderance of the evidence, you should find for Flagler County School Board as to that claim.


**AUTHORITY**      Civil Pattern Instruction 3.7.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:             _____

DENIED:               _____

MODIFIED:            _____

WITHDRAWN:        _____

## PROPOSED JURY INSTRUCTION NO. 10

**Responsibility for Proof – Affirmative Defense Preponderance
of the Evidence**

In this case, the School Board asserts the affirmative defense that it would have made the same decision to not promote Ms. Dove regardless of any alleged discriminatory intent. Even if the Plaintiff proves her claim by a preponderance of the evidence, the School Board can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that Flagler County School Board does not have to disprove Ms. Dove's claim, but if Flagler County School Board raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**AUTHORITY**      Civil Pattern Instruction 3.7.2, U.S. Eleventh Circuit (13th Ed.)

GRANTED:            _____

DENIED:              _____

MODIFIED:           _____

WITHDRAWN:        _____

17

<u>**PROPOSED JURY INSTRUCTION NO. 11**</u>

**Title VII – Civil Rights Act – Discrimination Failure to Hire – Including
"More Qualified" Defense**

In this case, Ms. Dove claims that Flagler County School Board violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race or national origin.

Specifically, Ms. Dove claims that Flagler County School Board failed to promote her because of her race.

Flagler County School Board denies Ms. Dove's claims and asserts that it did not promote Ms. Dove because of other legitimate, nondiscriminatory reasons, and that Ms. Dove would not have been promoted regardless of any alleged discriminatory intent.

To succeed on her claim against Flagler County School Board, Ms. Dove must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:          Flagler County School Board failed to promote her; and

<u>Second</u>:     Ms. Dove's race was a motivating factor that prompted Flagler
                County School Board to not promote Ms. Dove.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The Parties agree that Flagler County School Board did not promote Ms. Dove. You do need to decide whether Ms. Dove's race was a "motivating factor" in the School Board's decision to not promote Ms. Dove. To prove that race was a motivating factor in Flagler County School Board's decision, Ms. Dove does not have to prove that her race was the only reason that the School Board failed to promote her. It is enough if Ms. Dove proves that race influenced

18

the decision. If Ms. Dove's race made a difference in Flagler County School Board's decision, you may find that it was a motivating factor in the decision.

Flagler County School Board claims that Ms. Dove's race was not a motivating factor in the decision and that it decided not to promote Ms. Dove for other reasons. An employer may not discriminate against an employee because of the employee's race, but the employer may decide to not promote an employee for any other reason, good or bad, fair or unfair. If you believe Flagler County School Board's reasons for deciding to not promote Ms. Dove, and you find that Flagler County School Board's decision was not motivated by Ms. Dove's race, you must not second guess Flagler County School Board's decision, and you must not substitute your own judgment for Flagler County School Board's judgment – even if you disagree with it.

As I have explained, Ms. Dove has the burden to prove that her race was a motivating factor in Flagler County School Board's decision to not promote Ms. Dove. I have explained to you that evidence can be direct or circumstantial. To decide whether Ms. Dove's race was a motivating factor in Flagler County School Board's decision to not promote Ms. Dove, you may consider the circumstances of Flagler County School Board's decision. For example, you may consider whether you believe the reasons Flagler County School Board gave for the decision. If you do not believe the reasons it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover- up to hide the true discriminatory reasons for the decision.

If you find in Ms. Dove's favor for each fact s he must prove, you must decide whether Flagler County School Board has shown by a preponderance of the evidence that it would have not promoted Ms. Dove even if Flagler County School Board had not taken Ms. Dove's

19

race into account. If you find that Ms. Dove would not have been hired for reasons other than her race, you must make that finding in your verdict.

If you find for Ms. Dove and against Flagler County School Board on this defense, you must consider Ms. Dove's compensatory damages.

When considering the issue of Ms. Dove's compensatory damages, you should determine what amount, if any, has been proven by Ms. Dove by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Dove's damages as a result of the failure to promote, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Flagler County School Board. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Dove has proved them by a preponderance of the evidence, and no others:

1. net lost wages and benefits from the date of failure to promote to the date of your verdict.

To determine the amount of Ms. Dove's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Dove to be reasonably diligent in seeking and maintaining substantially equivalent employment to the position he held with the School Board. To prove that Ms. Dove failed to mitigate damages, Flagler County School

Board must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Dove held Flagler County School Board was available, and (2) Ms. Dove did not make reasonably diligent efforts to obtain it or maintain such employment. If, however, the Flagler County School Board shows that Ms. Dove did not make reasonable efforts to obtain any work, then Flagler County School Board does not have to prove that comparable work was available.

If you find that the School Board proved by a preponderance of the evidence that Ms. Dove failed to mitigate damages, then you should reduce the amount of Ms. Dove's damages by the amount that could have been reasonably realized if Ms. Dove had taken advantage of an opportunity for substantially equivalent employment.

**AUTHORITY** Civil Pattern Instruction 4.5, U.S. Eleventh Circuit (13th Ed.); *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006)) (pretext instruction for failure to hire); *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1470-73 (11th Cir. 1985) (interim earnings instruction)

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

**PROPOSED JURY INSTRUCTION NO. 12**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY**        Civil Pattern Instruction 3.8.1, U.S. Eleventh Circuit (13th Ed.)

GRANTED:        _____

DENIED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

**PROPOSED JURY INSTRUCTION NO. 13**

**Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**AUTHORITY**        Civil Pattern Instruction 3.9, U.S. Eleventh Circuit (13th Ed.)

GRANTED:        _____

DENIED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

23

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Ms. Dove's race was a motivating factor that prompted Flagler County School Board to not hire Ms. Dove?

   Answer Yes or No   _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Flagler County School Board would not have promoted Ms. Dove even if Flagler County School Board had not taken Ms. Dove's race into account?

   Answer Yes or No   _____

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

3. That Ms. Dove should be awarded damages to compensate for a net loss of wages and benefits to the date of your verdict?

   Answer Yes or No   _____

   If your answer is "Yes,"
   in what amount?   $_____

  SO SAY WE ALL.

_____
Foreperson's Signature

DATE:        _____

*Exhibit "D"*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JAWANDA DOVE,**

     **Plaintiff,**

**vs.**                                                    **CASE NO.: 3:20-cv-547-MMH-MCR**

**FLAGLER COUNTY SCHOOL**
**BOARD,**

     **Defendants.**

_____/

**RENEWED JOINT PROPOSED VOIR DIRE**

COME NOW, the Parties, Plaintiff, JAWANDA DOVE, and Defendant, FLAGLER COUNTY SCHOOL BOARD, by and through their respective undersigned counsel, and hereby submit their Renewed Joint Proposed Voir Dire.

1.     Have you read any news, seen on television, or heard on the radio anything about this case, or do you have any knowledge of the facts or events of this case?

2.     In the eyes of the law, all parties, whether individuals or government agencies, are to be treated alike. All parties are entitled to the same honest, fair and impartial treatment. If selected as a juror in this case, would everyone accept and apply this principle of law?

3.     Has anyone had any experience with School Boards that would prevent you from being impartial?

4.     Has anyone had any dealings or conflict with Flagler County School Board or its employees that would prevent you from being impartial? If so, what was the nature of the conflict?

5.     Do you think Flagler County School Board must have done something wrong or it would not be present in Court today?

1

6.      Is anyone here a lawyer, married to a lawyer, or in a close relationship with  a lawyer? Has anyone here studied law or worked in a law office? If so, will you apply the law as the Judge gives it to you despite what you know about the law on a particular subject?

7.      Does anyone here, because of the nature of your employment, feel that you may not be able to judge this case impartially?

8.      Does anyone feel their civil rights have ever been violated? If yes, please explain.

9.      Have you or anyone close to you ever felt they were discriminated against because of your race, national origin, religion, or ethnicity?

10.     Have you ever been involved in the hiring proves as a part of your job? If so, have you ever been accused of making an unfair or discriminatory decision?

11.     If you are selected as a juror, do you pledge that you will base your decision on the facts as presented in this trial and the law as given to you by the Judge, and not on any past experience or prior opinions you might have about the subject matter of this case?

12.     Do you know of any reason that you cannot sit in this case with complete fairness and impartiality and decide the case based only on the evidence presented in court and the law as given at the conclusion of the trial?

13.     Have you ever been involved in litigation involving discrimination?

DATE: November 14, 2022.

_s/ Blair Jackson, Esq.,_ ___
BLAIR JACKSON
Florida Bar No. 912956
DSK Law
609 West Horatio St
(813) 251-5825
(813) 254-1063 - FAX
bjackson@dsklawgroup.com
Attorneys for Plaintiff

_s/ Richard B. Bush, Esq._ ___
RICHARD B. BUSH, ESQ.
Fla. Bar No.: 294152
DYLAN J. HALL, ESQ.
Fla. Bar No.: 112528
BUSH & AUGSPURGER, P.A.
411 E. Jackson St.
Orlando, FL 32801
(407) 422-5319

(407) 849-1821 – FAX
rbb@bushlawgroup.com
djh@bushlawgroup.com
slo@bushlawgroup.com
Attorneys for Defendant