```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

**JAWANDA DOVE,**              CASE NO.: 3:20-cv-547-MMH-MCR

    Plaintiff,

v.

**FLAGLER COUNTY SCHOOL BOARD,**

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED RENEWED MOTIONS IN LIMINE

Plaintiff, by and through the undersigned attorney, comes now and responds to Defendant's four (4) amended renewed motions in limine set forth below as follows:

1. **DEFENDANT'S AMENDED RENEWED MOTION IN LIMINE: EXCLUSION OF ANECDOTAL STATISTICAL EVIDENCE LACKING COMPARATIVE DATA.**

Plaintiff agrees that Defendant's motion in this regard should be **GRANTED,** inasmuch as Plaintiff's positions applied-for required such specialized skills that use of anecdotal-type statistical evidence would be only of questionably probative value versus having real potentially prejudicial effect.

2.  **DEFENDANT'S AMENDED RENEWED MOTION IN LIMINE: CLAIMS FOR BACK PAY AND FRONT PAY SHOULD NOT BE SUBMITTED TO JURY**

Plaintiff agrees that the motion should be **GRANTED**. Such claims for front and back pay should be decided by the Court after the jury decides other appropriate matters.

3.  **DEFENDANT'S AMENDED RENEWED MOTION IN LIMINE: EVIDENCE OF OTHER ALLEGED DISCRIMINATION SHOULD BE EXCLUDED.**

Defendant's motion in this regard should be **DENIED**.

Evidence that an employer engaged in a pattern or practice of discrimination may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas framework.*" *Megivern v. Glacier Hills Inc.*, 519 Fed.Appx. 385, 399 (6th Cir. 2013). "[W]hether such evidence is relevant is a case by case determination that depends on many factors, including how closely related the evidence is to plaintiffs circumstances and theory of the case." *Pelcha v. MW Bancorp, Inc.*, 455 F.Supp.3d 481,508 (S.D. Ohio 2020) (internal quotations omitted).

Evidence of alleged acts of discrimination by a defendant can be irrelevant to a Plaintiff's claim, unduly prejudicial, and risk confusion of the issues, thus warranting

exclusion pursuant to Fed.R.Evid. 403, when generally presented. However, alleged acts of discrimination by this Defendant in this specific case circumstances as to the promotion of teaching staff into administrative, managerial or leadership-type or other advanced non-typical classroom positions would be relevant to Plaintiffs claims, such as evidence of racial discrimination within the hiring process. *See Storrs v. University of Cincinnati*, No. 1:15-cv-136, 2018 WL 684759, *7 (S.D. Ohio Feb. 2, 2018)(regarding racially discriminatory hiring process of professors in a university department). Such evidence's probative value to Plaintiff's claims is not substantially outweighed by undue prejudice or risk of confusing the issues, because such evidence would be directly related to whether Defendant, as an entity, has a pattern or practice of racial discrimination in the practice of hiring and promoting persons into non-classroom administrative or managerial type positions, a discreet issue.

    **4.    DEFENDANT'S AMENDED RENEWED MOTION IN LIMINE REGARDING EXCLUSION OF EVIDENCE OF ALLEGED RACIAL DISCRIMINATION OUTSIDE APPLICABLE TIME PERIOD.**

Plaintiff is compelled to consent that this motion be **GRANTED**, but should articulate why. Defendant argues that evidence in this regard should be limited/excluded because the EEOC Charge of Discrimination at issue filed by Plaintiff failed to denote that a "Continuing Action" was complained of. The

argument being that this failure is determinative or at least weighty to this issue.

This is not correct. A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  *See Gregory v. Ga. Dep't of Human Res*., 355 F.3d 1277, 1280 (11th Cir 2004).  Judicial claims are allowed if they amplify, clarify or more clearly focus the allegations in the charge.  *Id*.  Thus, there is no strict construction of the charge in practical application.  *See e.g., id.*  The issue in the instant case pragmatically however is that Plaintiff's Second Amended Complaint, the operative complaint at issue, is limited in its scope to events beginning in 2019.  For that reason the motion is due to be granted.

### LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that I, the undersigned counsel, attempted to discuss this response with Richard Bush, counsel for Defendant, on several occasions before its filing, in an attempt to determine of some agreement on the objection to the one motion in limine objected-to herein could be resolved. Due to Hurricane Idalia, however, despite trading several emails counsel were unable to connect and both were then without electricity during part of the storm.  This response was due August 31, 2023.  The

undersigned attempted that day again to reach Mr. Bush but could not connect on the phone. The undersigned then asked Mr. Bush for his consent to file a motion to extend the time for this response and no reply was given to the request. The attorneys were then to speak on September 1, 2023, but the undersigned could still not reach Mr. Bush. As such, unwilling to be any further late in filing, hurricane or not as justification, the undersigned filed this response

Respectfully submitted,

**ALL FLORIDA JUSTICE, LLC.**

_____
**DONALD E. PINAUD, JR.**
Florida Bar No. 111694
Trial Counsel
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
don@AllFloridaJustice.om
Attorneys for Plaintiff

Page 5 of  6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed this pleading with the Court's Electronic Filing / CMC / ECF System on this 1 day of September, 2023, and that such system will send electronic copies of this pleading via email to all registered parties on this day.  To the best of my knowledge there are no parties that require service by U.S. Mail.

**ALL FLORIDA JUSTICE, LLC.**

_____
**DONALD E. PINAUD, JR.**
Florida Bar No. 111694
Trial Counsel
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
don@AllFloridaJustice.com
Attorneys for Plaintiff